Taliaegbbo, J.
Mademoiselle Sophie Boutron, the defendant, carrying on the millinery business in New Orleans, engaged at the city of Paris, in France, in October, 1860, for three years, the services in that line of business of the plaintiff, Miss Olemenee Jacquinet. The services were to *31 commence on the arrival of the parties at New Orleans. The employe was to receive a certain fixed salary, and her board and lodging. The defendant contracted to pay the plaintiff’s traveling expenses from Paris to New Orleans; to be repaid, however, if plaintiff left defendant’s service within the first year of the engagement. It was further stipulated that in the event the plaintiff should withdraw from the defendant’s service, or the defendant should discharge the plaintiff before the expiration of the three years, the defendant should be bound to pay the plaintiff’s traveling expenses on her return from New Orleans to Paris, on the condition that the plaintiff should not remain in New Orleans. It seems it was optional with defendant to furnish money for this purpose, or to secure and pay for a passage to Prance for plaintiff, on board a first-class sailing-vessel. Some dissatisfaction having arisen between the parties, the plaintiff, a short time after the termination of the first year’s service, withdrew from the defendant’s employ; and on the 31st of December, 1861, and also on the 6th of January, 1862, she wrote to the defendant, requiring her in accordance with their contract to furnish her money to return home. This was refused, and on the áth of February following, this suit was instituted in which plaintiff demands two hundred and fifty dollars as traveling expenses, necessary to enable her to return to Paris, with interest thereon from judicial demand, and forty dollars per month as damages for the time she would be compelled to remain in New Orleans by the refusal of defendant to pay her. The answer avers that the defendant was only bound by the contract sued upon, to pay plaintiff’s passage to France on a sailing-vessel, if any such passage had been engaged by plaintiff, which defendant avers was never done. She prays that the suit bo dismissed at plaintiff’s cost. Judgment was first rendered on the 11th of February, 1863, in favor of plaintiff for two hundred and fifty dollars, and costs of suit. The defendant obtained.a new trial, which resulted, on the 21st of April succeeding, in a judgment in favor of the plaintiff, decreeing defendant “to pay the plaintiff two hundred and thirty dollars, with judicial interest from the 1st of June, 1862, or secure for plaintiff a passage from New Orleans to Havre and Paris, either by the direct route, in a sailing-vessel of the first class, or by way of New York, on or before the first of May proximo, at the charge and cost of the said defendant; and it is further ordered, adjudged and decreed, that the said plaiutiff have ju Igmenfc against the said defendant, in the sum of forty dollars per month from 1st of Juno, 1862, to date of this judgment, as damages—say four hundred and seventeen dollars and thirty-three cents, and costs of suit. ”
From this judgment defendant has appealed.
The defendant complains of the judgment, because it was determined by events that transpired after the contestedio litis,” instead of being decided exclusively upon the state of facts that existed in February, 1862, when the parties joined issue. At that time, it is contended that it was impossible for defendant to comply with her part of the contract. It was shown on her part, that at that time tbo port of New Orleans was blockaded by a squadron of United States vessels of war, and that'tho port was opened outlie 1st of June, 1862, fads which are matters of history. It is contended that the blockade of the port constituted the *32 vis major or irresistible force, which dispensed the defendant from the obligation to secure for tho plaintiff a passage to Prance; and, further, that it also deprived the plaintiff of the power to fulfill her engagement to defendant, not to remain in New Orleans after the annulment by either party of their contract. It is held, therefore, that this suit was premature, and should be dismissed.
Tho judgment of the Court a quo, was predicated upon the reason that defendant having been put m mora by the demand made before the instition of the suit, and the vis major alleged, being removed by the opening of the port on the 1st of June, 1862, sometime before tho decision of the suit, she could no longer refuse to comply with the contract.
A bill of exceptions was taken on the part of defendant, to the introduction of evidence to show the amount necessary to defray the traveling-expenses of plaintiff from New Orleans to Paris by way of New York, as defendant by her contract, was under no obligation to pay plaintiff’s passage across the sea, except on board a sailing-vessel direct from New Orleans. Wo think the testimony was properly admitted. No route is expressed in the contract. It is simply that the traveling expenses shall be paid by defendant, or a passage secured at her cost, on board a first-class sailing-vessel.
There might be force in the objections urged against tho judgment, if the facts justified the inferences which seem to have been drawn from them on tho part of the defendant. But we see no evidence in the record showing that the impediment of the blockade, formed in this case the “ irresistible force,” contemplated by law to exonerate a party from complying with a contract. The defendant had the option to pay the money necessary to discharge the traveling expenses of the plaintiff from New Orleans to Paris, or to secure for her (free of cost to plaintiff) a passage to Havre on board a first-class sailing-vessel.’ She might have paid the money, if she could not, on account of tho blockade, have engaged a passage on board a vessel going to Prance. The latter being impossible, did- not release her from doing the former—the very thing required by the plaintiff. Where an obligor, from inevitable accident or irresistible force, cannot perform one of two things, cither of which ho had at the time of his engagement the option to do, he is notrelieved from the obligation to perform the other. Neither, on the other hand, do we see the vis major which deprived the plaintiff of the power to perform the condition upon which she had the right to demand her traveling expenses, viz: that of returning from New Orleans to Paris. If, at the time of the institution of this suit, and for a month or two afterwards, it were impossible for the plaintiff to sail for Prance from Now Orleans, it by no moans follows that she could not have gone by land to Now York, or some other port not blockaded, and from thence set sail for her native land. Being, -what the record authorizes to suppose, a subject of Prance, no serious difficulty would have been encountered by her in passing through the two sections of this country, then warring against each other, France being a neutral power. The mere dictum of counsel in tlieir brief, that it was impossible for the plaintiff to comply with her obligation to return to Paris, in the absence of any evidence establishing that *33 fact, must be taken with some grains of allowance. We do not think the evidence justifies the claim set up for damages.
It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. And it is further ordered, adjudged and decreed, that the plaintiff recover from the defendant the sum of two hundred and thirty dollars, with judicial interest thereon from judicial demand, with all costs incurred in the Court below, the plaintiff and appellee paying costs of this appeal.